# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROBERT CUNNINGHAM,

                Plaintiff,

        v.

MIKE DUNLEAVY, et al.,

                Defendants.

Case No. 3:23-cv-00221-JMK

## SCREENING ORDER

On September 20, 2023, self-represented prisoner Robert Cunningham filed a civil complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1]  Plaintiff is a convicted prisoner and has been in the custody of the Alaska Department of Corrections ("DOC") since May 30, 2013.[2]  Plaintiff names Alaska Governor Mike Dunleavy, DOC Commissioner Jennifer Winkleman, Wildwood Correctional Center ("WCC") Superintendent Carol Einerson, and WCC Assistant Superintendent Michael Zener as Defendants.[3]  Plaintiff alleges multiple violations of his civil rights between February 1, 2023, and July 1, 2023, all involving conditions of his confinement.  The Court now has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.  As explained

---

[1] Dockets 1–3.

[2] Docket 1 at 4.

[3] Docket 1.

further below, the Complaint is DISMISSED for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim upon which relief could be granted. However, Plaintiff is accorded **60 days** to file an amended complaint in accordance with the guidance herein.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a federal court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:23-cv-00221-JMK, *Cunningham v. Dunleavy, et al.*
Screening Order
Page 2 of 21

amend or otherwise address the problems, unless to do so would be futile.[7]  Futility

exists when "the allegation of other facts consistent with the challenged pleading

could not possibly cure the deficiency."[8]

## DISCUSSION

**I.      Requirements to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint

must contain a "short and plain statement of the claim showing that the

[complainant] is entitled to relief[.]"[9]  To determine whether a complaint states a

valid claim for relief, federal courts consider whether the complaint contains

sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is

plausible on its face."[10]  Factual allegations must not be speculative; rather, a

plaintiff must plead "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."[11]  A complaint

should set out each claim for relief separately and include specifics about each

---

[7] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[8] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[11] *Ashcroft,* 556 U.S. at 678.

named defendant is involved.[12]  There can be no liability under unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.[13]  Vague and conclusory allegations of participation in civil rights violations are not sufficient.[14]  While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[15]

The 56-page Complaint is neither short nor plain.  It includes 94 paragraphs describing what he believes are relevant facts over a span of 16 pages,[16] another 29 pages summarizing his 23 claims,[17] and lengthy descriptions of his state court cases, records requests, efforts to exhaust his administrative remedies, and requests for relief.[18]  Plaintiff includes allegations against individuals not named as defendants,[19] and fails to identify the individuals personally involved in other allegations.[20]  Further, the Complaint fails to allege injuries that are traceable to individual defendants.  For example, Plaintiff claims Governor Dunleavy, in his

---

[12] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[13] *Rizzo,* 423 U.S. at 371; *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980).

[14] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[15] Id.

[16] Docket 1 at 3–19.

[17] Docket 1 at 20–49.

[18] Docket 1 at 50–56.

[19] *See, e.g.,* Docket 1 at 12 (claiming FSO Harris told him to watch his back").

[20] *See, e.g.,* Docket 1 at 10 (claiming his room was "trashed" in retaliation but not identifying who trashed the room, ordered the search, or otherwise was involved in the alleged constitutional deprivation).

official capacity, violated his rights by allowing DOC employees to violate his rights. Yet, he is "willing to stipulate that Defendant Dunleavy, Governor of the State of Alaska, is likely unaware of the radical and newly punitive facility operational procedures at a modest-sized correctional facility on the Kenai Peninsula" and does not plead facts to suggest Governor Dunleavy had any personal involvement or knowledge of specific constitutional violations.[21]

Plaintiff analogizes his claims as punches in the nose, and "invites this Court's instruction . . . to consolidate similar claims if and as necessary to conform Plaintiff's complaint to established legal practices and custom so adjudication may efficiently proceed."[22] It is understandable that Plaintiff just wants various parties to stop "punching" him in the nose.[23] However, Plaintiff's requests for instruction "constitute, in essence, requests for legal advice which the Court is not permitted to provide."[24] Moreover, it would unduly burden the Court, and it would be unfair to Defendants.[25]

Liberal construction means that self-represented litigants are "relieved from the strict application of procedural rules and demands that courts not hold missing

---

[21] Docket 1 at 49.

[22] Docket 1 at 20.

[23] Docket 1 at 20.

[24] *Walker v. Microsoft Corp.,* Case No. C22-482-TL-MLP, 2022 WL 4094730, at *1 (W.D. Wash. 2022).

[25] *See McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996) (stating confusing complaints impose unfair burdens on litigants and judges); *see also* Fed. R. Civ. P. 1 (requiring courts to dispose of cases in just, speedy, inexpensive manner).

Case No. 3:23-cv-00221-JMK, *Cunningham v. Dunleavy, et al.*
Screening Order
Page 5 of 21

or inaccurate legal terminology or muddled draftsmanship against them."[26] However, liberal construction does not mean that a court is required to supply essential elements of the claim that were not initially pled or search through a lengthy complaint in an effort to try to identify or manufacture potential claims for a plaintiff.[27] Pleading "is not like playing darts: a plaintiff can't keep throwing claims at the board until [ ]he gets one that hits the mark."[28] A federal district court is a trial court simultaneously addressing a volume and variety of cases of varying priorities; and a part of the Court's responsibility is "to see that [its] resources are allocated in a way that promotes the interests of justice."[29] A federal court "simply does not have the resources to ignore the pleading requirements of Rule 8,"[30] and may dismiss a complaint under Rule 8 even if the court can "identify a few possible claims."[31] Based on the facts alleged, there very well may be a plausible claim or

---

[26] *Blaisdell*, 729 F.3d at 1241.

[27] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[28] *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.,* 631 F.3d 1117, 1124 (9th Cir. 2011) (citation, internal brackets and quotations omitted).

[29] *In re McDonald,* 489 U.S. 180, 184 (1989) (per curiam). *See also O'Loughlin v. Doe,* 920 F.2d 614, 618 (9th Cir. 1990) ("[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

[30] *Govind v. Butler, No. CIVS05-0963GEB-CMK-P,* 2006 WL 1490828, at *1 (E.D. Cal. May 26, 2006); *see Savage v. Dickinson*, Case No. 2:11-cv-1652 MCE EFB P, 2013 WL 78475, at *3 (E.D. Cal. 2013) ("The court simply does not have the resources to scour the 59 pages of plaintiff's complaint and 90 pages of exhibits and organize the allegations contained therein.").

[31] *McHenry, 84 F.3d at 1179* (a filing may be dismissed under Rule 8 even if the court can "identify a few possible claims.").

claims within the Complaint, but Plaintiff must do the work of mapping out the elements of each particular constitutional violation, identifying the specific injury he claims to have suffered as a result of the conduct of a particular defendant, and alleging an affirmative link between the injury and the conduct of that defendant.[32]

Therefore, the Court must dismiss the Complaint. However, Plaintiff is accorded leave to file an amended complaint that contains only "a short and plain statement" of Plaintiff's claims in compliance with Rule 8.[33] It is Plaintiff's burden to set forth the legal and factual basis for each claim, not the Court's. However, the Court will highlight some deficiencies and set forth some legal standards applicable to Section 1983 claims easily identified in the current complaint in the event Plaintiff elects to file an amended complaint.

## II. Plaintiff May Not Bring Claims on Behalf of Other Prisoners

While Plaintiff does not specifically name additional plaintiffs, his claims and requests for relief refer to alleged harm to other prisoners.[34] However, a self-represented litigant may represent only his own interests.[35] A non-attorney has "no authority to appear as an attorney for others than himself."[36] Plaintiff cannot

---

[32] *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[33] *McHenry,* 84 F.3d at 1177–78.

[34] *See, e.g.,* Docket 1 at 15 (requesting accountability and punishment for "violations of many other's rights and well-being").

[35] 28 U.S.C. § 1654.

[36] See *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v.*

bring claims on behalf of other individual prisoners and may not represent a class of prisoners in a class action.  In any amended complaint, Plaintiff must focus solely on the actions of the correctional officers toward Plaintiff personally.

## III.     Improper Joinder

Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."[37]  In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts that involve multiple defendants.  Unrelated claims that involve different defendants must be brought in separate lawsuits.

## IV.     Prison Rape Elimination Act ("PREA")

Plaintiff cannot state a claim under the Prison Rape Elimination Act ("PREA").  PREA was enacted to study the problem of prison rape and to authorize the reporting of incidents of rape,[38] but it does not provide a private right of action that allows a prisoner to sue a correctional officer for an alleged violation of

---

*United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[37] Fed. R. Civ. P. 20(a)(2).

[38] 42 U.S.C. § 15061; 34 U.S.C. § 30302(1) ("[The purpose of the Act is to] establish a zero-tolerance standard for the incidence of prison rape in prisons in the United States.").

PREA.[39]  Therefore, Plaintiff's claim alleging a violation of PREA is DISMISSED with prejudice.

## V.     Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[40]  To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[41]  To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[42]  Section 1983 does not confer constitutional or federal statutory rights.  Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[43]

A defendant in a civil rights lawsuit must be a "person."[44]  A person acting under the color of state law "'subjects another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act,

---

[39] *See, e.g., Sharkey v. Nevada Dep't of Corr.,* 2021 WL 2270670, at *4 (D. Nev. June 3, 2021).

[40] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[41] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[42] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340–41 (1997).

[43] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[44] 42 U.S.C. § 1983.

participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[45]   A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[46]

## A.   Conditions of confinement claims

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"[47]   Conditions of confinement may, consistent with the Constitution, be restrictive and harsh.[48]   When considering the conditions of confinement, a district court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment.[49]   A district court should also consider the amount of time to which the prisoner was subjected to the condition.[50]   "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone,

---

[45] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[46] *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[47] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal citation omitted).

[48] *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc).

[49] *Toussaint*, 801 F.2d at 1107; *Wright*, 642 F.2d at 1133.

[50] *See Hutto v. Finney*, 437 U.S. 678, 686–87 (1978); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise."[51] To prevail on a claim for unconstitutional conditions of confinement, a plaintiff must demonstrate a deprivation of "the minimal civilized measures of life's necessities."[52]

**B. Searches in prison**

Decisions regarding prison security are "peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters."[53] "[C]orrectional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities," and such a policy "must be upheld 'if it is reasonably related to legitimate penological interests.'"[54] Prisoners have no right of privacy in their cells.[55] Further,

---

[51] *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010); *Osolinski*, 92 F.3d at 938–39; *Toussaint*, 801 F.2d at 1107; *Wright*, 642 F.2d at 1133.

[52] *Allen v. Sakai,* 48 F.3d 1082, 1084 (9th Cir. 1995) (*citing Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).

[53] *Pell v. Procunier*, 417 U.S. 817, 827 (1974); see also *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington,* 566 U.S. 318, 326 (2012) ("The difficulties of operating a detention center must not be underestimated by the courts.").

[54] *Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318, 328 (2012) (quoting *Turner v. Safley*, 482 U.S. at 89).

[55] *See Hudson v. Palmer*, 468 U.S. 517, 525–26 (1984); *see also Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (recognizing a right of privacy in traditional Fourth

"prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner."[56] Deference to prison officials is unwarranted where search methods are unreasonable.[57] Further, even searches of prisoners which begin as legitimate and acceptable can become a constitutional violation where the prison official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure."[58] Courts have addressed strip searches under both the Fourth and Eighth Amendments, which have different standards.[59] Because Plaintiff was a convicted prisoner during all times the alleged events occurred, the Eighth Amendment applies to his claims.

A convicted prisoner presents a viable Eighth Amendment claim when he alleges facts that demonstrate that "a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual

Amendment terms is fundamentally incompatible with the continual surveillance of inmates and their cells required to ensure security and internal order).

[56] *Hopkins,* 2011 U.S. Dist. LEXIS 37346, at *12 (citing *Bell,* 441 U.S. at 561).

[57] *Shorter v. Baca,* 895 F.3d 1176, 1189 (9th Cir. 2018).

[58] *Bearchild v. Cobban,* 947 F.3d 1130, 1145 (9th Cir. 2020).

[59] Claims for injuries or sexual assault while in custody may be brought by convicted prisoners under the Eighth Amendment's Cruel and Unusual Punishment Clause, or, if the claim is pursued by a pre-trial detainee who is not convicted, under the Fourteenth Amendment's Due Process Clause. Cf. *Bell v. Wolfish,* 441 U.S. 520 (1979) (holding that under the Due Process Clause, a pre-trial detainee may not be punished prior to conviction).

gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner."[60]  A plaintiff must allege facts that show that a defendant "acted with a sufficiently culpable state of mind, *i.e.*, for the very purpose of inflicting harm, and that the alleged [strip search]  was objectively harmful enough to establish a constitutional violation."[61]

## C.    Excessive force

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[62]   "[S]ubjective intent is critical in an Eighth Amendment analysis.  More than de minimis force applied for no good faith law enforcement purpose violates the Eighth Amendment."[63]  Where a prison official has acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard,

---

[60] *Bearchild,* 947 F.3d at 1144.

[61] *Hudson v. McMillian,* 503 U.S. 1, 8 (1992).

[62] *Hudson*, 503 U.S. at 6–7; *see also Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *Hughes v. Rodriguez*, 31 F.4th 1211,1221 (9th Cir. 2022) ("In excessive force cases brought under the Eighth Amendment, the relevant inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

[63] *Rodriguez*, 891 F.3d at 797(citing *Whitley*, 475 U.S. at 320–21).

as opposed to the "deliberate indifference" standard, applies.[64] Whether in the context of a prison-wide disturbance or an individual confrontation between an officer and prisoner, corrections officers often must act immediately and emphatically to defuse a potentially explosive situation."[65] When determining whether the force is excessive, the court should look to the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"[66]

### D. Access to courts

The Ninth Circuit traditionally has differentiated between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.[67] To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury.[68] An "actual injury" is "actual prejudice with

---

[64] *See Whitley*, 475 U.S. at 320–21; *Rodriguez*, 891 F.3d at 796 (9th Cir. 2018) ("A plaintiff cannot prove an Eighth Amendment violation without showing that force was employed 'maliciously and sadistically' for the purpose of causing harm.").

[65] *Jordan,* 986 F.2d at 1528 (citations omitted).

[66] *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

[67] *See Lewis v. Casey*, 518 U.S. 343, 349–53 (1996) (setting forth elements of an access-to-courts claim related to affirmative assistance and actual injury requirement*); Silva v. Di Vittorio*, 658 F.3d 1090, 1102–04 (9th Cir. 2011) (discussing requirements for an access-to-court claim related to active interference), *overruled on other grounds by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

[68] *Lewis*, 518 U.S. at 349; *Madrid*, 190 F.3d at 996.

respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."[69]  To show actual injury for an access-to-courts claim, an inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim."[70]  This is because "meaningful access to the courts is the touchstone."[71]  Only the hindrance of "direct appeals from the convictions for which they were incarcerated," "habeas petitions," and "civil rights actions" implicate the access right recognized by the Supreme Court.[72]  The hindered claim must also be "nonfrivolous," as "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all . . . ."[73]  A claim is nonfrivolous in this context if the plaintiff can "show that the 'arguable' nature of the underlying claim is more than hope."[74]

### E.     Retaliation

Under the First Amendment to the United States Constitution, an individual has the right to be free from governmental action taken to retaliate against his exercise of First Amendment rights—such as access to the courts—or to deter the

---

[69] *Lewis*, 518 U.S. at 348 (citation and internal quotation marks omitted).

[70] *Lewis,* 518 U.S. at 351.

[71] *Id.* (quoting *Bounds v. Smith,* 430 U.S. 817, 823 (1977)).

[72] *Nasby v. Nevada,* Case No. 21-15044, 2023 WL 5315112, at *2 (9th Cir. 2023) (citing *Bounds v. Smith,* 430 U.S. 817, 823 (1977)).

[73] *Lewis,* 518 U.S. at 353 n.3.

[74] *Christopher v. Harbury,* 536 U.S. 403, 416 (2002).

individual from exercising those rights in the future.[75]  Prison officials may not retaliate against prisoners for exercising their First Amendment rights to pursue litigation or file administrative grievances.[76]  A First Amendment claim for retaliation has five elements:  (1) adverse action by a state actor against the inmate (2) because of (3) that prisoner's protected conduct, and the action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal.[77]  To establish the "because of" element, an inmate "must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct."[78]  If the adverse action would have been taken even without the inmate's exercise of protected conduct, the plaintiff cannot satisfy the "because of" element of the retaliation claim."[79]  A plaintiff bears the initial burden of showing that the exercise of his First Amendment rights was a substantial or motivating factor behind the defendant's conduct.[80]  "[M]ere speculation that defendants acted out of retaliation is not sufficient."[81]

---

[75] *Sloman v. Tadlock,* 21 F.3d 1462, 1469–70 (9th Cir. 1994).

[76] *Rhodes v. Robinson,* 408 F.3d 559, 567 (9th Cir. 2005).

[77] *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021).

[78] *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quotations omitted) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).

[79] Docket 12 at 9.

[80] *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977).

[81] *Wood v. Yordy,* 753 F.3d 899, 904 (9th Cir. 2014).

## F.    Equal protection

To state a claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants intentionally discriminated against plaintiff[82]—or against a class of inmates which included plaintiff—based on membership in a protected class[83] and that such conduct did not relate to a legitimate penological purpose.[84]  Among other deficiencies, Plaintiff has not pled non-conclusory, non-speculative facts sufficient to show that any particular defendant intentionally discriminated against him because of his membership in a protected class.[85]

## CONCLUSION

The Complaint is dismissed for failure to comply with Rule 8 and failure to state a claim upon which relief could be granted.  Plaintiff is accorded **60 days** from the date of this order to file an amended complaint.  An amended complaint

---

[82] *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one.").

[83] *See Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (indigent prisoners are not a protected class for purposes of stating an equal protection claim).

[84] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

[85] *See Okwu v. McKim,* 682 F.3d 841, 846 (9th Cir. 2012) (Plaintiff failed to state an equal protection claim when she "did not allege that any of the defendants treated any similarly-situated individual differently."); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1106 (9th Cir. 2012) ("To state an equal protection claim of any stripe, whatever the level of scrutiny it invites, a plaintiff must show that the defendant treated the plaintiff differently from similarly situated individuals."); *Shallowhorn v. Molina*, 572 F. App'x 545, 547 (9th Cir. 2014) (equal protection claim properly dismissed when plaintiff "failed to adequately allege that he was intentionally treated differently from similarly situated inmates").

Case No. 3:23-cv-00221-JMK, *Cunningham v. Dunleavy, et al.*
Screening Order
Page 17 of 21
Case 3:23-cv-00221-JMK   Document 6   Filed 05/08/24   Page 17 of 21

replaces the prior complaint in its entirety.[86]  Any claim not included in the amended complaint will be considered waived.  However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[87]  An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief.  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[88]  An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.  An amended complaint must set out each claim for relief separately.  Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**IT IS THEREFORE ORDERED:**

1.    Plaintiff's Complaint at **Docket 1 is DISMISSED** for failing to state a to state a claim upon which relief could be granted.  The Court grants Plaintiff leave

---

[86] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[87] Fed. R. Civ. P. 8(a)(2).

[88] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case 3:23-cv-00221-JMK   Document 6   Filed 05/08/24   Page 18 of 21

to file an amended complaint in accordance with the guidance provided in this order.

2.    Plaintiff's PREA claim is **DISMISSED with prejudice.**

3.    Plaintiff is accorded **60 days** from the date of this order to file **one of the following:**

    a.    <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order.  An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; or

    b.    <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

4.    If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form**,** the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

5.    Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.**

6.    While federal law allows litigants to commence a civil action without prepaying the fees, prisoner plaintiffs remain obligated to pay the entire fee in "increments" or "installments," until the entire $350 statutory filing fee is paid, regardless of the outcome of the case.[89]  Should Plaintiff proceed with this lawsuit

---

[89] 28 U.S.C. § 1915.  *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district

Case No. 3:23-cv-00221-JMK, *Cunningham v. Dunleavy, et al.*
Screening Order
Page 19 of 21

and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

7.      If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, **within 30 days of his release**, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[90]  Failure to comply may result in dismissal of this action.

8.      Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[91] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9.      Self-represented litigants must be ready to diligently pursue each case to completion.  Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10.     At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address,

---

court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

[90] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[91] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case 3:23-cv-00221-JMK   Document 6   Filed 05/08/24   Page 20 of 21

and its effective date.[92]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.  If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11.    With this order, the Clerk is directed to send:  (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 8th day of May, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[92] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").