ROBERT CUNNINGHAM,

        Plaintiff,

        v.

JENNIFER WINKLEMAN, CAROL EINERSON, and MICHAEL ZENER,

        Defendants.

Case No. 3:23-cv-00221-SLG

## ORDER DIRECTING SERVICE & RESPONSE

On July 9, 2024, self-represented prisoner Robert Cunningham ("Plaintiff") filed a First Amended Complaint.[1] The Court has now screened the First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Liberally construed,[2] the Complaint contains sufficient facts, that, if accepted as true, state plausible claims under the First and Eighth Amendments. However, for the reasons explained below, the Complaint does not contain sufficient facts to plead a plausible equal protection claim. The Court further finds that according Plaintiff another opportunity to try to state an equal protection claim would be futile.

---

[1] Docket 8.

[2] *See Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam)); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted) (a federal court must accept the allegations as true, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor).

Therefore, Claim 9 is dismissed with prejudice.

Plaintiff may proceed on Claims 1–8 and 10. This means that this case will not be summarily dismissed at this time but may proceed to the next stage of litigation. The Court has jurisdiction under 28 U.S.C. § 1331.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[3] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[5] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to

---

[3] 28 U.S.C. §§ 1915, 1915A.

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 2 of 11
Case 3:23-cv-00221-SLG   Document 9   Filed 12/16/24   Page 2 of 11

amend or otherwise address the problems, unless to do so would be futile.[6] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7]

**I. Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment requires that all persons who are similarly situated be treated alike.[8] To state a claim for a violation of this provision, a plaintiff must plausibly allege facts that if proven, would demonstrate that a defendant acted with an intent or purpose to discriminate against the plaintiff based upon the plaintiff's membership in a protected class.[9]

Plaintiff claims his equal protection rights were violated because he is a prisoner and a "devout man of quiet faith."[10] However, prisoners are not a protected

---

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[8] *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125–26 (9th Cir. 2002).

[9] *Furnace v. Sullivan,* 705 F.3d 1021, 1030 (9th Cir. 2013) (rejecting equal protection claim where inmate failed to show that he was treated differently than any other inmates in the relevant class). *See also Yick Wo v. Hopkins,* 118 U.S. 356, 369 (1886) (The guarantees of equal protection "are universal in their application, to all persons within the territorial jurisdiction, without regard to any differences of race, of color, or of nationality; and the equal protection of the laws is a pledge of the protection of equal laws.").

[10] Docket 8 at 24.

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 3 of 11
Case 3:23-cv-00221-SLG    Document 9    Filed 12/16/24    Page 3 of 11

class for purposes of an equal protection claim.[11] Further, although religion is a protected class, Plaintiff has not plausibly alleged facts that, if proven, would demonstrate that prison officials treated him differently from other prisoners with different religious beliefs, and they did so because of his particular religion.[12]

"[T]he Equal Protection Clause entitles each prisoner to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'"[13] "To succeed on an equal protection claim" alleging religious discrimination in the prison context, the inmate "must show that officials intentionally acted in a discriminatory manner."[14] For example, the Ninth Circuit held that a Muslim prisoner stated a viable equal protection claim when he alleged that the prison provided kosher meals to Jewish prisoners, but not Muslim prisoners.[15]

Liberally construed, Plaintiff alleges he has been retaliated against for his actions in helping other inmates. Although he attributes his actions to his religious

---

[11] *See Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (indigent prisoners are not a protected class for purposes of stating an equal protection claim).

[12] *See Washington v. Davis*, 426 U.S. 229, 239–40 (1976).

[13] *Shakur v. Schriro,* 514 F.3d 878, 891(9th Cir. 2008) (quoting *Cruz v. Beto,* 405 U.S. 319, 322 (1972)).

[14] *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (citation omitted), *abrogated on other grounds by Shakur,* 514 F.3d at 884–85.

[15] *Shakur*, 514 F.3d at 891.

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 4 of 11
Case 3:23-cv-00221-SLG    Document 9    Filed 12/16/24    Page 4 of 11

tenets, his allegations are insufficient to state a claim for religious discrimination.[16] Because Plaintiff has not alleged facts to support a finding of purposeful discrimination based on his membership in a protected class, Plaintiff fails to state a claim for violation of the Equal Protection Clause. Moreover, without establishing a violation of the Equal Protection Clause by any correctional officer, a claim against the officers' supervisor would not be viable.[17]

The Court finds that according another opportunity to amend Claim 9 would be futile, as it is clear this claim could not be saved by any additional attempt at amendment.[18] Therefore, Claim 9 is DISMISSED without leave to amend.

**IT IS THEREFORE ORDERED:**

1. The Complaint has been screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Liberally construed, the Complaint contains sufficient facts, that accepted as true, state plausible claims for relief under the First and the Eighth Amendments. Claims 1-8 and 10 may proceed.

2. Claim 9 is **DISMISSED** with prejudice for failure to state a claim.

---

[16] *Furnace v. Sullivan,* 705 F.3d 1021, 1030 (9th Cir. 2013) (rejecting equal protection claim where inmate failed to show that he was treated differently than any other inmates in the relevant class).

[17] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (rejecting the argument that a supervisory defendant can be liable based on the supervisor's knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under Section 1983 for their own conduct and not the conduct of others).

[18] *Ctr. for Bio. Diversity v. United States Forest Serv.,* 80 F.4th 943, 956 (9th Cir. 2023).

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 5 of 11
Case 3:23-cv-00221-SLG   Document 9   Filed 12/16/24   Page 5 of 11

3. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

4. The Court previously granted Plaintiff's application to proceed without prepaying the filing fee at Docket 3.[19] While federal law allows litigants to commence a civil action without prepaying the fees, prisoner plaintiffs remain obligated to pay the entire fee in "increments" or "installments," until the entire $350 statutory filing fee is paid, regardless of the outcome of the action.[20] The Court will issue a separate order on the collection of the filing fee.

5. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[21] Failure to comply may result in dismissal of this action.

---

[19] *See* Docket 6 at 19 ¶5.

[20] 28 U.S.C. § 1915. *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 14 (The $55 administrative fee for filing a civil action, suit, or proceeding in a district court "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915.").

[21] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 6 of 11
Case 3:23-cv-00221-SLG    Document 9    Filed 12/16/24    Page 6 of 11

6. Formal service of the Complaint on Defendants by the Marshals is unnecessary because the Attorney General has indicated that the State of Alaska's Department of Law will accept service on behalf of Defendants.[22]

7. The Clerk of Court shall immediately mail a copy of this order, the First Amended Complaint at Docket 8, and the civil cover sheet at Docket 2 to:

> Mark Cucci
> Assistant Attorney General
> State of Alaska Department of Law
> 1031 West 4th Avenue, Suite 200
> Anchorage, AK 99501-1994

8. Defendants, represented by the Attorney General for the State of Alaska, shall have **sixty (60) days** from the date of this order to file an Answer or otherwise respond.[23] Defendants shall provide their full names in the caption of the Answer.

---

[22] *See* District of Alaska Miscellaneous General Order No. 769. *See also* 28 U.S.C. § 1915(d) (A court's finding that a plaintiff may proceed without prepaying the filing fee entitles him to service of process by the United States Marshals Service.).

[23] *See* Fed. R. Civ. P. 4(d)(3).

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 7 of 11
Case 3:23-cv-00221-SLG   Document 9   Filed 12/16/24   Page 7 of 11

9. After an appearance has been entered by counsel for a Defendant, Plaintiff shall serve a copy of all further filings submitted to the Court upon that defendant's attorney(s).[24] Plaintiff shall include with any original paper filed with the Clerk of Court a certificate stating the date that an exact copy of the document was mailed to Defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of opposing party or Defendant's attorney) at (address) on (date).
>
> (Signature)

Any paper received by a District Judge or Magistrate Judge that does not include a Certificate of Service indicating that each party has been served with a copy of that document will be disregarded by the Court.

10. The Clerk shall change the caption of this case to *Cunningham v. Winkleman, et al.,* as Governor Dunleavy is no longer a defendant in this case.[25]

11. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and name of Defendants, and the title of the document, as illustrated on the first page of this order.[26]

---

[24] *See* Fed. R. Civ. P. 5.

[25] *See* Dockets 6, 8.

[26] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 8 of 11
Case 3:23-cv-00221-SLG    Document 9    Filed 12/16/24    Page 8 of 11

12. All documents filed with the Clerk of Court must contain an original signature. Self-represented litigants must file all documents conventionally, unless otherwise permitted by an order of the Court.[27] Conventional filing means the original paper documents are provided to the Clerk's office either in person or by mail.[28] If filing by mail, the documents must be mailed to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

13. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document in the electronic case file for the case.

14. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or

---

other parties.").

[27] *See* Federal Rules of Civil Procedure, including Fed. R. Civ. P. 5, 5.2, and 6, and Local Civil Rules 5.3, 7.3, 7.5, and 79.2(c).

[28] District of Alaska Local Civil Rule 1.1(b)(5).

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 9 of 11
Case 3:23-cv-00221-SLG   Document 9   Filed 12/16/24   Page 9 of 11

documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

15. Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[29] Litigants and members of the public may also print information from the Court's docket using the public computer terminal located in the Clerk's Office for 10 cents per page. In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced.

16. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[30] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice.

17. All case-related inquiries should be directed to the Clerk's Office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. Litigants may contact the Clerk's Office for

---

[29] District of Alaska Local Civil Rule 79.2(b).

[30] See Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 10 of 11
Case 3:23-cv-00221-SLG   Document 9   Filed 12/16/24   Page 10 of 11

questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's Office staff are prohibited by law from providing legal advice.

19. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[31] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

DATED this 16th day of December 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[31] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; District of Alaska's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:23-cv-00221-SLG, *Cunningham v. Winkleman, et al.*
Order Directing Service & Response
Page 11 of 11
Case 3:23-cv-00221-SLG    Document 9    Filed 12/16/24    Page 11 of 11