IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT CUNNINGHAM,<br><br>            Plaintiff,<br><br>    v.<br><br>JENNIFER WINKLEMAN, *et al.*,<br><br>            Defendants. | Case No. 3:23-cv-00221-MMS<br><br>**AMENDED ORDER GRANTING MOTION TO COMPEL [27]** |

Before the Court is a motion to compel the Plaintiff to answer the Defendants' discovery request.[1] Defendants argue that despite repeated correspondence with Plaintiff, he has not answered their first set of discovery requests.[2] In addition to asking the Court to compel Plaintiff to answer, the Defendants request monetary sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5).[3] Plaintiff responded in opposition, but did not dispute the below timeline or the reasonableness of Defendants' requests.[4] Instead, he argued that it was difficult for him to respond given his in-custody status.[5] Defendants replied that their requests are not particularly onerous, that Plaintiff has had sufficient time to answer, and that Plaintiff is required to adhere to discovery rules even as a self-

---

[1] Dkt. 27.
[2] *Id.*
[3] *Id.* at 3.
[4] Dkt. 31.
[5] *Id.*

represented prisoner.[6] Defendants repeated their demand for monetary sanctions, but noted that a stay of the sanctions may be appropriate given Plaintiff's indigency.[7]

Defendants served Plaintiff discovery requests on March 24, 2025, which went unanswered.[8] In May, two weeks after Plaintiff's deadline to respond, Defendants sent him a letter inquiring of the status of his answers, informing him that they would move to compel this discovery should he not.[9] Defendant responded that he was experiencing difficulties complying given his in-custody status, but he did not object to the substance of the requests.[10] He promised to "increase [his] efforts[,]" but with some apparent resignation said that "[i]t is what it is" regarding his untimeliness.[11] On June 3, Defendants wrote to Plaintiff, giving him until June 18, 2025 to answer, warning him that they would file a motion to compel and of the possibility of monetary sanctions.[12] Plaintiff did not answer.

On August 21, 2025, Defendants noticed the Court that Plaintiff has since "provided some discovery responses[,]" but that he had not responded "to interrogatories, requests for admission, or requests for production."[13] The Court accepts this notice.

The Court agrees that Plaintiff is obligated to answer Defendants' first set of discovery requests. Plaintiff has not made any proper objection to these requests, such as

---

[6] Dkt. 32.
[7] *Id.* at 4.
[8] Dkt. 27-1 (First Set of Discovery Requests).
[9] Dkt. 27-2 (Letter from Defendants to Plaintiff dated May 14, 2025).
[10] Dkt. 27-3 (Letter from Plaintiff to Defendants dated as received June 2, 2025).
[11] *Id.*
[12] Dkt. 27-4.
[13] Dkt. 36.

their relevance, whether they are proportional to the needs of the case, or whether there is another reason such as privilege why he would not answer. Plaintiff instead wrote extensively on the difficulties that he faces as a self-represented prisoner. The Court is sympathetic to his position, but cannot condition discovery obligations solely on a party's in-custody status. Plaintiff has chosen to pursue this lawsuit, and the Court cannot permit him to unjustifiably delay answering discovery.

> Federal Rule of Civil Procedure 37(a)(5) provides that when such a discovery motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The Rule provides that a court "must not" order this sanction if the movant did not first attempt in good faith to address the matter before filing their motion, if the opposing party's position was "substantially justified[,]" or if there are "other circumstances make an award of expenses unjust."[14] The Court, however, is reluctant to "select[ ] a sanction which impose[s] a requirement that [it knows] could not be performed."[15]

The attachments to Defendants' motion demonstrate that they attempted to resolve this issue multiple times with the Plaintiff prior to seeking relief from the Court. In addition to explaining their position, they repeatedly warned Plaintiff of the consequences for not answering, and gave him extensions to comply. The Plaintiff never responded

---

[14] Fed. R. Civ. P. 37(a)(5)(i)–(iii).
[15] *Thomas v. Gerber Prods.*, 703 F.2d 353, 357 (9th Cir. 1983).

substantively to the discovery requests. Instead, he has relied solely on his indigent status and the limitations of his correctional facility. The Court does not find this to amount to substantial justification for his nondisclosure.

The final consideration, whether there are other circumstances which make an award of expenses unjust, can weigh in either direction. Whether being a pro se indigent inmate constitutes such circumstances appears to vary between courts, generally in unpublished and non-binding cases.[16] Upon first impression, the mandatory nature of Rule 37(a)(5) persuades the Court that it should not broadly exempt pro se inmates from discovery sanctions. On the other hand, the Court is sympathetic to the representations that Plaintiff made in his response pertaining his technical and practical restraints in complying. It also considers his account statement separately filed with his motion to proceed in forma pauperis.[17] For these reasons, the Court will not award expenses at this time because it would be unjust.

The Court emphasizes that this ruling should not embolden Plaintiff to disregard his discovery obligations, and notes that his response to Defendants that "[i]t is what it is" appears to suggest indifference in the face of his discovery obligations. Further indication

---

[16] *Toner v. Wilson*, 102 F.R.D. 275, 276 (M.D. Pa. 1984); *Arellano v. Blahnik*, No. 16CV2412-CAB (MSB), 2019 WL 2710527, at *11 (S.D. Cal. June 28, 2019), *report and recommendation adopted sub nom. Arrellano v. Blahnik*, No. 16CV2412-CAB-DHB, 2019 WL 3429232 (S.D. Cal. July 30, 2019); *Monroe v. Russell*, No. CV 13-283-M-DWM-JCL, 2015 WL 163044, at *1 (D. Mont. Jan. 13, 2015); *Dike v. City of Los Angeles*, No. 2:24-CV-05394-KK-AJR, 2025 WL 2074553, at *3 (C.D. Cal. May 30, 2025); *Hernandez v. Ogboehi*, No. 120CV01019JLTSABPC, 2022 WL 172846, at *3 (E.D. Cal. Jan. 19, 2022) (collecting cases on the mandatory nature of an award of sanctions under FRCP 37(a)(5)).
[17] Dkt. 3-1.

of him responding as such would be poorly taken by the Court. The Court also reminds Plaintiff that he has chosen to bring this lawsuit, and as such, it is his responsibility to litigate it in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules for the District of Alaska, and the Court's orders. Failure to do so can result in the dismissal of his case. *See*, F.R.C.P. 37(b)(2)(A)(v). Plaintiff's status as indigent and as an inmate will not be an important consideration should he not comply with this order.

## CONCLUSION AND ORDER

For the reasons stated above, **IT IS THEREFORE ORDERED THAT**:

1) Defendants' Motion to Compel at Docket No. 27 is **GRANTED**;

2) Plaintiff shall answer Defendants' First Set of Discovery Requests at Docket No. 27-1 no later than **October 3, 2025**;

3) Defendants shall submit a status report once the Plaintiff has complied with this order or if his deadline passes without him doing so.

Defendants are encouraged, but not required, to assist Plaintiff's printing and copying process by inquiring of the possibility of waiving related fees for the purposes of this litigation.

DATED this 5th day of September, 2025, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
U.S. MAGISTRATE JUDGE